S05Y1841, S05Y1843, S05Y1844, S05Y1845, S05Y1846, S05Y1847. IN THE MATTER OF SPURGEON GREEN III (six cases).
(622 SE2d 332)

PER CURIAM.

These disciplinary matters are before the Court pursuant to six Notices of Discipline filed by the State Bar alleging that Spurgeon Green III, who was admitted to the State Bar of Georgia in 1995, violated Rules 1.2, 1.3, 1.4, 1.15 (I) (b), 1.16 (d), 3.2, 8.4 (a) (4), and 9.3 of the Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum sanction for a single violation of Rule 1.2, 1.3, 1.15 (I) (b) or

8.4 (a) (4) is disbarment, while the maximum sanction for a single violation of Rule 1.4, 1.16, 3.2 or 9.3 is a public reprimand.

In Case No. S05Y1841, the Investigative Panel found probable cause to believe that a client retained Green to assist him with matters relating to a guardianship case; that the client paid Green $600 in legal fees; and that Green entered an appearance but failed to take any further action in the case; that Green failed to return the client's phone calls or to communicate with him in any way and failed to refund his attorney fees or return his file; and that although Green was personally served with the Notice of Investigation in November 2004, he did not file a written response under oath as required by Bar Rule 4-204.3 (a). Based on those facts, the State Bar asserts that Green violated Rules 1.3, 1.4, 1.16, 3.2, 8.4 and 9.3 of Bar Rule 4-102 (d).

In Case No. S05Y1843, the Investigative Panel found probable cause to believe that a client retained Green to represent him in a personal injury matter; that Green informed the client in December 2003 that his case had settled for $10,000; that Green gave the client one-third of the proceeds of the case and told him that he would provide the remainder in 90 days; that Green failed to deliver, or account for, the balance of the funds to the client; that Green failed to communicate with the client regarding the money due him; that Green thus abandoned completion of this legal matter without just cause and to the client's detriment; and that Green failed to respond to the Notice of Investigation even though he was personally served with it. Based on those facts, the State Bar asserts that Green violated Rules 1.3, 1.4, 1.15, 8.4 and 9.3 of Bar Rule 4-102 (d).

In Case No. S05Y1844 the Investigative Panel found probable cause to believe that in April 2003 a client retained Green to represent him in a criminal case, paying Green $750; that after meeting with the client once, Green failed to further communicate with him regarding his case (which is still pending); that Green thus abandoned this legal matter without just cause and to the client's detriment; and that Green failed to respond to the Notice of Investigation even though he was personally served with it. Based on those facts, the State Bar asserts that Green violated Rules 1.3, 1.4, 1.16, 3.2, 8.4 and 9.3 of Bar Rule 4-102 (d).

In Case No. S05Y1845 the Investigative Panel found probable cause to believe that in August 2003 a client retained Green to represent her in an uncontested divorce, paying Green $459; that Green delivered the divorce papers to the client's incarcerated husband who returned the papers indicating that he intended to contest the divorce; that, at Green's request, the client then paid an additional $626 for Green to represent her in the contested divorce; that Green nevertheless failed to further communicate with the client

regarding her case; that Green thus abandoned this legal matter without just cause and to the client's detriment; and that Green failed to respond to the Notice of Investigation even though he was personally served with it. Based on those facts, the State Bar asserts that Green violated Rules 1.2, 1.3, 1.4, 1.16, 3.2, 8.4 and 9.3 of Bar Rule 4-102 (d).

In Case No. S05Y1846, the Investigative Panel found probable cause to believe that in September 2004 a client retained Green to represent her in a divorce, paying Green $399; that, although Green did not file anything on the client's behalf, he told her that he had filed the divorce papers and that the divorce had not yet been finalized because the judge was behind; that Green failed to communicate with the client about her case; that Green thus abandoned this legal matter without just cause and to the client's detriment; and that Green failed to respond to the Notice of Investigation even though he was personally served with it. Based on those facts, the State Bar asserts that Green violated Rules 1.3, 1.4, 3.2, 8.4 and 9.3 of Bar Rule 4-102 (d).

Finally, in Case No. S05Y1847, the Investigative Panel found probable cause to believe that in or about September 2004 a client retained Green to represent him in a divorce, paying Green $1,200; that Green told the client that his divorce would be finalized on January 10, 2005 and that he would be in touch if anything changed; that Green never took any action on the client's case and failed to communicate with the client about his case; that Green thus abandoned this legal matter without just cause and to the client's detriment; and that Green failed to respond to the Notice of Investigation even though he was personally served with it. Based on those facts, the State Bar asserts that Green violated Rules 1.3, 1.4, 1.16, 8.4 and 9.3 of Bar Rule 4-102 (d).

The Investigative Panel properly served Green with Notices of Discipline recommending that he be disbarred and, as Green has failed to reject those Notices pursuant to Bar Rule 4-208.1 (b), these matters are now ripe for review by this Court. We have reviewed the files in each of these matters and find that with the exception of the alleged violations of Rule 8.4 in Case Nos. S05Y1841, S05Y1844, S05Y1845; Rule 1.16 in Case Nos. S05Y1844, S05Y1845, and S05Y1847; Rule 3.2 in Case Nos. S05Y1841, S05Y1844, S05Y1845 and S05Y1846; and Rule 1.2 in Case No. S05Y1845, the records support the conclusions that Green committed the violations as alleged by the State Bar. In aggravation of punishment, we find that Green has a prior disciplinary history, see *In the Matter of Green*, 279 Ga. 309 (612 SE2d 794) (2005) (imposing a 90-day suspension as reciprocal discipline) and we note that the fact that multiple disciplinary matters are being pursued against Green simultaneously evidences a pattern and

practice of wrongful behavior on Green's part. Thus, we believe that the circumstances of these cases warrant disbarment. Accordingly, we hereby order that Spurgeon Green III be disbarred and that his name be removed from the rolls of persons entitled to practice law in the State of Georgia. Green is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED NOVEMBER 21, 2005.

*William P. Smith III, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar*, for State Bar of Georgia.